■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v JOHN EDWARD REYNOLDS, Appellant.—Judgment unanimously reversed, on the

law and facts, and a new trial granted. Memorandum: Defendant appeals from his conviction, after a jury trial, of burglary in the second degree (Penal Law, § 140.25), grand larceny in the third degree (Penal Law, § 155.30) and petit larceny (Penal Law, § 155.25) in connection with the theft of a small sum of money and a car. At trial the People introduced a confession made by the defendant at the time of his arrest. The defendant contended that his intoxication on the evening in question and his low level of intelligence should be taken into consideration as bearing on the voluntariness of his confession. As evidence of his alleged mental deficiency, defendant introduced a 1962 New York State Department of Mental Hygiene report which described him (then nine years of age) as "mentally defective" and classified him as a "moron" with an IQ of 63 and a mental age of 5 to 10. After the jury had retired to deliberate, it returned to the court room and asked the court whether it would "allow a mentally deficient person to stand trial on these charges." The court responded: "the answer to the question obviously is no, we would not allow a mentally deficient person to stand trial * * * No, we wouldn't allow a mentally deficient person to stand trial. This aspect has been covered by the Court previously, and Mr. Reynolds is here competent to proceed to trial." This was error. CPL 730.10 (subd 1) defines a defendant who has been found to be an incapacitated person, and therefore not fit to proceed to trial pursuant to CPL 730.50, as a person "who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense." The court's answer amounted to an instruction to the jury that solely because the defendant was being allowed to stand trial he could not under any circumstances be mentally deficient, and that the jury should therefore ignore defendant's contentions and evidence concerning mental deficiency in considering the question of whether his confession was voluntary. The court did not advise the jury that a person of subnormal intelligence would not necessarily be an incapacitated person as the term is defined in CPL 730.10 (subd 1). We cannot say that the erroneous charge was harmless error under the rule in *People v Crimmins* (36 NY2d 230). It requires a reversal and a new trial. Defendant's other contentions present no ground for reversal. (Appeal from judgment of Monroe County Court—burglary, second degree, etc.) Present—Marsh, P. J., Moule, Simons, Dillon and Hancock, Jr., JJ.